<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICIA A. HANDLEY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-2904 (SRC) |
| v. | : | **OPINION** |
| CHASE BANK USA, NA and REED SMITH LLP, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| PATRICIA A. HANDLEY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-2906 (SRC) |
| v. | : | |
| CITIBANK(SOUTH DAKOTA), N.A. and CHASE BANK USA, N.A., | : | |
| Defendants. | : | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on four motions to dismiss these two Complaints for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), in these related actions: 1) two motions in Civil Action No. 11-2904 filed by Defendants Chase Bank USA, NA and Reed Smith LLP (collectively, the "2904 Defendants"); and 2) two motions in Civil Action No. 11-2906 filed by Defendants Citibank (South Dakota), N.A. and Chase Bank

USA, N.A. (collectively, the "2906 Defendants"). Plaintiff has not opposed these motions. For the reasons that follow, the motions to dismiss will be granted.

In brief, all Defendants move to dismiss the two Complaints on the basis of *res judicata*. The Complaints in these two cases expressly state that these suits seek to litigate cases that were previously filed, litigated, and concluded.

The Complaint in Civil Action No. 11-2906 states that, on August 4, 2005, Plaintiff filed suit against the 2906 Defendants in the Superior Court of New Jersey, and the case was removed to this Court. The Complaint further asserts that the August 2005 Complaint alleged facts relating to credit card loan transactions in 2002, 2003, and 2004 between Plaintiff and Defendants, and that Plaintiff was troubled by harassing collection efforts in 2004 and 2005. The August 2005 Complaint asserts two claims: 1) Defendants made deceptive disclosures to induce Plaintiff to agree to the loans; and 2) Defendants knowingly used debt collection agencies which violated the FDCPA and intentionally inflicted emotional abuse on Plaintiff. The Complaint in Civil Action No. 11-2906 asserts these same two claims. The claims asserted in the August 2005 Complaint and the claims asserted in the Complaint in Civil Action No. 11-2906 are virtually identical.

The Complaint in Civil Action No. 11-2904 states: "This suit was filed in U.S. District Court on May 8, 2009." (Compl. at 1.) The Complaint acknowledges at the outset, then, that this action was previously filed in this Court. Aside from certain prefatory material, the May 2009 Complaint and the Complaint in Civil Action No. 11-2904 are virtually identical. There is no material difference between the claims asserted in the May 2009 Complaint and the claims asserted in the Complaint in Civil Action No. 11-2904.

Furthermore, the Complaints in both Civil Action Nos. 11-2904 and 11-2906 state that both previously-filed cases ended in judgments, which were appealed to the Third Circuit, that the Third Circuit upheld those judgments, and that the Supreme Court has denied petitions for certiorari in both cases.

Under Third Circuit law:

> A party seeking to invoke res judicata must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.

Duhaney v. AG of the United States, 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted).

Furthermore, the Supreme Court has stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground . . .

Jones v. Bock, 549 U.S. 199, 215 (2007).

It is apparent from the face of the two Complaints that the allegations in those Complaints suffice to establish every element of the affirmative defense of *res judicata*. Both Complaints allege a final judgment on the merits in prior suits involving the same parties and the same causes of action.

The Complaints in both Civil Action Nos. 11-2904 and 11-2906 fail to state a claim because the allegations, taken as true, show that relief is barred by the affirmative defense of *res*

*judicata*.  The motions to dismiss will be granted, and the Complaints will be dismissed with prejudice.

          /s Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: September 12, 2011